OPINION OF THE COURT
Daniel K. Lalor, J.
Petitioner, daughter of the above deceased, seeks appoint *942 ment to the office of voluntary administrator and administration of this estate as a small estate pursuant to SCPA article 13. Her affidavit in support of her application recites the deceased died August 10, 2000 domiciled in Greene County leaving a will dated April 13, 1991 that has been filed with this Court. Decedent died seized of property not exceeding $20,000 in value, and included in that property is a purchase money mortgage on real property in the Town of Coxsackie, securing a debt of $1,862 owed to the deceased, which presents the sole issue for the Court.
Voluntary administration of a small estate extends to personal property only. By its terms SCPA article 13 “is not applicable to any interest in real property in this state owned by a decedent, but his ownership of an interest in real property shall not prevent the use of this article in administering his personal property.” (SCPA 1302.) The question is whether the purchase money mortgage, as an asset of the deceased, constitutes real or personal property.
Pursuant to EPTL 13-1.1 (a) (7), personal property passing to the personal representative of a deceased includes “[d]ebts secured by mortgages, moneys unpaid on contracts for the sale of lands.” There is thus no question that the debt secured by the mortgage is personalty, and that the voluntary administrator is authorized to collect this debt on behalf of the estate.
The mortgage itself is potentially another matter, for the lien of a mortgage is upon the land, and an instrument satisfying the lien of a mortgage is a recordable instrument affecting title to real property.
Nevertheless the Legislature has provided that a discharge of an unassigned mortgage shall be signed “by the mortgagee or by his personal representative” (Real Property Law § 321 [1] [a]), and it has further provided that a “personal representative” for this purpose shall include a “voluntary administrator” (Real Property Law § 321 [5] [a]). It therefore appears that the statute, as amended (L 1997, ch 71, § 1), clearly contemplates administration of estates such as the one before the Court as small estates.
Commentary to Real Property Law § 321 notes in cases in which ownership of a mortgage is passed by will or in intestacy it is highly advisable for the personal representative to assign the mortgage to the beneficiary and that the assignment should be recorded, in order to forestall any delay in future real estate transactions should the personal representative die or become *943 incompetent before the mortgage is fully satisfied and discharged (Meehan, Practice Commentaries, McKinney’s Cons Laws of NY, Book 49, Real Property Law § 321, 2001 Pocket Part, at 167-168).
A slight gap in the legislative scheme remains, for Real Property Law § 321 does not address the authority of a voluntary administrator to assign a mortgage, and if legislative action was necessary to authorize the discharge of this supposed real property interest by a voluntary administrator, the same issue would intervene to prevent its assignment by such representative.
The gap will be filled by this Court’s interpretation of EPTL 13-1.1 (a) (7) and Real Property Law § 321 (5), granting authority to a voluntary administrator to collect and discharge a mortgage, as together implying legislative authority for such personal representative to assign such a mortgage to a third party, should such act be deemed advisable or necessary.
There being no further issue in regard to the application, the application is in all respects granted, and petitioner shall serve as voluntary administrator of this estate with respect to all listed assets.